United States Bankruptcy Court
Central District of California

Hann,
    Plaintiff

Adv. Proc. No. 15-01006-MW

State of Michigan Department of Treasury,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0973-6        User: etapiaC        Page 1 of 1        Date Rcvd: Mar 26, 2015
                              Form ID: pdf031    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 28, 2015.
  NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
pla          E-mail/PDF: yragnnah@gmail.com Mar 27 2015 02:03:24     Gary S. Hann,   PO Box 711,   Cathedral City, CA   92235-0711
                                                                                                                               TOTAL: 1

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
dft          State of Michigan Department of Treasury
                                                                                                                               TOTALS: 1, * 0, ## 0

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 28, 2015                                                         Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 26, 2015 at the address(es) listed below:
              Karl T Anderson (TR)    edansie@hotmail.com,  kanderson@ecf.epiqsystems.com
              United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
                                                                                                    TOTAL: 2

**FILED & ENTERED**

MAR 26 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tapia        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Gary S. Hann<br><br>　　　　　　　　　　Debtor(s).<br><br>Gary S. Hann<br>　　　　　　　　　　Plaintiff(s),<br>v.<br>State of Michigan Department of Treasury<br>　　　　　　　　　　Defendant(s). | CHAPTER 7<br><br>Case No.: 6:14-bk-22067-MW<br>Adv. No.: 6:15-ap-01006-MW<br><br>**ORDER DISMISSING ADVERSARY PROCEEDING**<br><br>Status Conference Hearing<br><br>Date:       March 26, 2015<br>Time:      9:00 a.m.<br>Courtroom: Video Hearing Room 225<br>　　　　　　3420 12th Street<br>　　　　　　Riverside, CA 92501 |

　　　This adversary proceeding is dismissed with prejudice for failure to appear at status conference hearing and on jurisdictional grounds.

<u>JURISDICTION</u>

　　　The Court lacks subject matter jurisdiction with respect to Plaintiff's claims in this matter. A review of the complaint indicates that the Court lacks jurisdiction under 28 U.S.C. § 1334. The complaint seeks recovery of tax refunds from the State of Michigan. This is solely a state law matter. Gary S. Hann ("Mr. Hann"), Debtor and Plaintiff herein, received a discharge on January 12, 2015. The chapter 7 trustee filed a report of no distribution on November 6, 2014. "Related to" jurisdiction under

-1-

28 U.S.C. § 1334(b) is not present here because the action by Mr. Hann to recover tax refunds from the State of Michigan cannot conceivably have any effect on the administration of Mr. Hann's bankruptcy estate. *In re Menk*, 241 B.R. 896, 908 (B.A.P. 9th Cir. 1999). Even if it were shown that the Court is mistaken in its analysis and that either one of the alleged tax refunds or both tax refunds are still property of the Hann bankruptcy estate, dismissal would be appropriate because in that event the causes of action for these tax refunds could only be brought by the trustee and Mr. Hann would lack standing to bring them.

## FAILURE TO APPEAR AT STATUS CONFERENCE

Mr. Hann initiated this chapter 7 adversary proceeding to recover money against the State of Michigan Department of Treasury ("State of Michigan") on January 9, 2015. A Summons was served upon the State of Michigan and a status conference hearing was set for March 26, 2015 at 9:00 a.m. at Video Hearing Room 225, 3420 Twelfth Street, Riverside, CA 92501. The State of Michigan filed its Answer to the Complaint on March 20, 2015. The parties also filed their respective status reports pursuant to Local Bankruptcy Rule 7016-1(a)(2).

When the calendar was called on March 26, 2015 at 9:00 a.m., Adam P. Sadowski, Assistant Attorney General, appeared telephonically on behalf of the State of Michigan. Neither Mr. Hann nor his counsel, if there is one, made an appearance. The Court's tentative ruling on the Status Conference had required appearances.

Pursuant to Local Bankruptcy Rule 7016-1(g), the failure of a party's counsel (or the party, if not represented by counsel) to appear before the Court at the status conference may be considered an abandonment or failure to prosecute, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed. Mr. Hann failed to appear at the scheduled status conference. Accordingly, the Court deems Mr. Hann's failure to appear at the status conference as an abandonment or failure to prosecute and, on that basis, dismisses this case with prejudice.

//

//

1 | Based upon the foregoing, and for the reasons stated on the record, this adversary proceeding is
2 | dismissed with prejudice.
3 | IT IS SO ORDERED.

###

Date: March 26, 2015

Mark S. Wallace
United States Bankruptcy Judge

-3-