GARY S. HANN, pro se
Debtor, Adversary Plaintiff
yragnnah@gmail.com
(175 Butterfield - NO MAIL!)
P.O. Box 711
Cathedral City, CA 92235-0711
734-480-4140

**FILED**
JUN - 4 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| IN RE HANN, GARY S.<br><br>        Debtor.<br>_____<br>GARY S. HANN,<br><br>        PLAINTIFF,<br><br>        VS.<br><br>STATE OF MICHIGAN DEPARTMENT OF TREASURY,<br><br>        Defendant. | Case No. 6:14-bk-22067-MW<br><br>Chapter 7<br><br>Adv. No. 6:15-ap-01006-MW<br><br>TIMELY MOTION FOR RELIEF AND/OR TO ALTER OR AMEND THE COURT'S MARCH 26, 2015 ORDER DISMISSING ADVERSARY PROCEEDING<br><br>JUNE 25, 2015 AT 9:00 AM, VIDEO HEARING ROOM 225, 3420 12TH STREET, RIVERSIDE, CA 92501<br><br>JURY TRIAL DEMANDED |

1

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:

Now comes Debtor and Adversary Plaintiff Gary S. Hann, who continues to demand a jury trial and who deposes and says as follows:

THIS MOTION IS TIMELY UNDER RULES 59(b) and 60(b)

1. The Court's March 26, 2015 Order Dismissing Adversary Proceeding was entered on March 26. 2015 and served by E-mail.

2. Fed.R.Civ.P. Rule 59(b) requires that a Motion to Alter or Amend be filed within 10 days; Rule 60(b) permits filing within a reasonable time period.

3. However, Fed.R.Civ.P. Rule 6(a) declares that, when the "period of time prescribed is less than 11 days", intermediate weekends and holidays are excluded. This would normally mean that this Motion was due on April 9, 2015.

4. Further, though, Fed.R.Civ.P. Rule 6(e) also requires adding 3 days when service was made by E-mail, as here. Debtor Hann believes the deadline would thus nominally be Sunday, April 12, 2015, defaulting to the next business day the Court is open, Monday, April 13, 2015.

5. Plaintiff Hann does not have the luxury of filing electronically as do counsel and the Court; according to the settled holdings of the United States Supreme Court, pro se petitioners are to be given more latitude than highly trained litigants.

## JURISDICTIONAL STATEMENT

6. Pursuant to Fed.R.Bkr.P. Rule 7001(1), a proceeding to recover money, and 28 U.S.C. Section 1334(b), this Court has exclusive jurisdiction over this case which is related to Plaintiff's bankruptcy proceeding under Title 11 of the United States Code.

7. Plaintiff Hann is seeking through several adversary proceedings to recover $25,000-$100,000 or more in excess of his scheduled $10,587 exemption; all such excess funds would absolutely be a part of the Bankruptcy Estate and subject to distribution by the Trustee.

8. Plaintiff Hann respectfully believes that the Court misapprehended Hann's purpose herein, and was not aware that Hann intends to obtain funds which may actually result in all Creditors being paid in full. Thus, the Court's general citation of *In re Menk*, a lengthy opinion with over 60 points of law, would not be

applicable to this matter where, in properly scheduled Adversary Actions, there may be full restitution to Creditors.

9. This is a non-core proceeding and Plaintiff Hann does not consent to entry of final orders or judgment by this Court due to his jury demand; Plaintiff Hann asserts standing to recover amounts due him for properly scheduled, preexisting civil proceeding claims; Trustee Anderson has now been notified of, and is currently considering, this and other of Plaintiff Hann's civil claims on their merits.

10. Trustee Anderson has verbally agreed to opine on the merits of Plaintiff Hann's proposed Adversary Actions when he reaches a determination of their likelihood of recovering funds for distribution to the legitimate Creditors herein.

DEBTOR HANN'S PURPORTED FAILURE TO APPEAR AT STATUS CONFERENCE

11. On March 26, 2015, Debtor Hann diligently left home with a half-hour to spare, leaving plenty of time to arrive at the Court; an unexpected traffic accident on the highway slowed Hann considerably.

12. Nevertheless, Debtor Hann arrived at the door of Courtroom 225 at 9:10 AM on March 26, well within limits generally set by Judicial Forums to accommodate arrival issues not that fault of the party involved.

4

13. When Debtor Hann arrived, the Courtroom was locked tightly shut and nobody at all was present anywhere.

14. Defendant Counsel never informed Debtor Hann that Counsel has made prior plans to appear by telephone, and Defendant Counsel never contacted Plaintiff Hann until the 11th hour the day before the Hearing, despite the requirement to have a Rule 26(f) Conference at least 21 days in advance of the Hearing. Debtor Hann could have also taken advantage of telephone appearance had he been advised of the procedure.

15. It would be a Manifest Injustice to deny Debtor Hann his proper day in Court to address the great and continuing default of Defendant Michigan Department of Treasury herein.

MERITORIOUS GROUNDS UNDER RULES 59(e) and 60(b)

16. To grant relief, Fed.R.Civ.P. Rule 59(e) requires any of a manifest injustice, new evidence, and/or a legal misapprehension. All of these conditions, any one of which the Court at its discretion can cite to grant relief, have been pled and shown, supra.

17. Rule 60(b) permits relief for (1) mistake, inadvertence, surprise, excusable neglect, or (6) for any other reason justifying relief from the operation of the judgment.

18. There is no doubt that Debtor Hann was surprised, even astonished to be disenfranchised by an arrival at Court a mere 10 minutes after the scheduled Hearing, certainly constituting excusable neglect.

19. Further, Debtor Hann was surprised, to say the least, at the Court's own unnoticed Motion that it lacked subject matter jurisdiction. Normally, even seasoned counsel have some prior notice to prepare a basis for objecting to a motion; here, Debtor Hann in pro se had none whatever.

20. Debtor Hann was further highly surprised by the Court's own unnoticed Motion that Hann lacked standing to file and pursue an adversary action. Part 7 of the Federal Rules of Bankruptcy Procedure govern adversary proceedings and make no reference whatever to any need to consult or advise the Trustee of an action.

21. The Court's Motion and determination regarding standing may have been based on the appearance that Debtor Hann was only seeking funds from one or two smaller adversary defendants.

22. However, Debtor Hann's Schedule B – Personal Property, No. 21 clearly lists several important claims, and at the time of filing the value of these claims was not determinable. Further, Schedule C also lists these causes of action and in listing an exemption of only $10,587.

23. The availability of claims in excess or in great excess of $10,587 absolutely do become distributable property of the Bankruptcy Estate, a fact of which the Court was not fully advised at the time it issued its Order.

24. Debtor Hann has now taken pains to consult Trustee Anderson, and has been referred by the Trustee to an independent counsel Mr. Tom Polis, who will assist Trustee Anderson in evaluating Debtor Hann's significant adversary claims herein.

25. Consulting and advising the Trustee takes time and several sets of eyes; Debtor Hann believes that he can further the proper administration of justice and very possibly make all legitimate Creditors herein whole, thus exceeding the bar for relief set by Rule 60(b)(6).

MORE DEFINITE STATEMENT OF CAUSE OF ACTION

26. Debtor Hann will respectfully seek the opportunity to provide a more definite Complaint in this particular proceeding, as provided in Fed.R.Civ.P. Rule 15.

26. Defendant Michigan Department of Treasury has a Void Judgment against Debtor Hann, obtained in open and hostile violation of Debtor Hann's basic constitutional right to Due Process.

27. Nobody, particularly the State, has any authority to enter a judgment without providing the party an opportunity to be heard, and that denial, plus a clearly erroneous legal conclusion contrary to all settled legal opinion, was used by the State to cause great and continuing harm to Debtor and Adversary Plaintiff Hann.

RELIEF REQUESTED

28. Debtor and Adversary Plaintiff Hann hereby requests that this Honorable Court forthwith find and order that:

   a) Debtor Hann is excused for being but 10 minutes late to the Status Conference herein.

   b) Debtor Hann is granted an opportunity to respond to the Court's unnoticed Motions made on March 26, 2015.

   c) Debtors Hann's Answers to the Court's Motions on Jurisdiction, Standing and Abandonment are meritorious.

   d) The Court's March 26, 2015 Order Dismissing Adversary Proceeding is hereby set aside pending the opinion of Trustee Anderson on the potential for recovering funds for the Bankruptcy Estate in excess of the Exemptions scheduled by Debtor Hann.

Dated this 2nd of June, 2015.

_____
Gary S. Hann, Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

P.O. Box 711
Cathedral City, CA 92235-0711

A true and correct copy of the foregoing document entitled (specify): Re-Service of Motion for Relief and/or to Alter or Amend and Notice of Motion

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (date) __06/02/2015__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   Adversary Defendant Michigan Department of Treasury:  Adam P. Sadowski, Assistant Attorney General, MI
   Department of Attorney General, P.O. Box 30754, Lansing, MI 48909
   Clerk: 3420 12th Street, Riverside, CA 92501
   Judge Wallace: 3420 12th Street, Riverside, CA 92501

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/02/2015 | Nicholas Altman | _/s/ Nicholas Altman_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE